# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE FEIJOO, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 4:21-cv-02444 |
| | § | |
| COSTCO WHOLESALE | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## THE PARTIES' PROPOSED JURY INSTRUCTIONS AND QUESTIONS[1]

Respectfully Submitted,

*/s/ Timothy M. Watson*
Timothy M. Watson
State Bar No. 20963575
USDC SD/TX No. 12953
Elizabeth L. Humphrey
State Bar No. 24083217
S.D. Tex. I.D. 2157061
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340
twatson@seyfarth.com
ehumphrey@seyfarth.com

*/s/ Tracey D. Lewis*
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
Jacques P. Leeds
USDC SD/TX No. 2526879
Texas State Bar ID 24092678
Leeds Law Firm, PLLC
700 Milam Street, Suite 1300
Houston, Texas 77002
(713) 492-2906
(832) 787-1020 (Facsimile)
tracey@jleedslawfirm.com
jacques@jleedslawfirm.com

---

[1] Per the Court's instruction at Final Pre-trial conference, the parties submit this proposed jury charge and questions with; (1) Agreed instructions and questions in black, (2) Plaintiff's proposed instructions and questions in red and (3) Defendant's proposed instructions and questions in blue.

<u>**THE PARTIES' PROPOSED JURY INSTRUCTION NO. 1**</u>

GENERAL PRELIMINARY INSTRUCTION

(DESCRIPTION OF THE CASE)


To help you follow the evidence, I will summarize the parties' positions.

The Plaintiff, Jorge Feijoo ("Feijoo"), claims the Defendant, Costco Wholesale Corporation ("Costco"), suspended and then terminated Feijoo's employment for discriminatory reasons.

Feijoo alleges that Costco discriminated against him based on his disability and age, retaliated against him for engaging in protected activity (including requesting reasonable accommodations and opposing discrimination in the workplace), and failed to reasonably accommodate his disability in violation of the Americans with Disabilities Act, as amended, the Age Discrimination in Employment Act, and Chapter 21 of the Texas Labor Code/TCHRA.

Feijoo alleges that he was wrongfully suspended and then wrongfully terminated after he was cursed at and pushed by another employee, Chris Hall, while at work on April 4, 2020.  Feijoo contends he did not initiate or return physical, violent or threatening contact during this incident.  Chris Hall was not terminated.  Feijoo was terminated after being employed by Costco for over twenty-seven (27) years.

Costco denies Feijoo's discrimination claims and contends that it terminated Feijoo's employment because of his attempted violent and threatening conduct on the evening of April 4, 2020. Costco contends that Feijoo was the aggressor in the altercation with Hall; that Feijoo attempted to hit Hall; and that Hall did not push Feijoo.

Feijoo alleges that he requested reasonable accommodations; (1) because of his hearing disability, he could not wear an earpiece connected to a radio transistor in his ear, because it would result in him not being able to hear anyone else around him and (2) that he maintain his schedule where he had Fridays off because his doctors' appointments were routinely scheduled for Fridays and that he notified his managers when he had a doctors' appointment.

Costco denies Feijoo's failure to accommodate claims. Costco contends that Feijoo never requested and was never denied accommodations related to his hearing condition.

Feijoo alleges that he was retaliated against after asserting these requests for reasonable accommodations and that he noticed increasing negativity towards him from his supervisors. Plaintiff further informed his supervisor that he planned to retire at 59 ½. After stating this, he noticed increased negative treatment.

Feijoo further alleges that the management level employees who knew of his disability, requests for reasonable accommodations and his age and plans to retire in the coming years, made the decision and/or were involved in making the decision to terminate his employment. Feijoo was replaced by individuals outside his protected class based on disability and age.

Costco denies Feijoo's retaliation claim. As mentioned above, Costco contends that it terminated Feijoo's employment because of his attempted violent and threatening conduct on the evening of April 4, 2020. In addition, Costco contends that Feijoo never complained of discrimination. Costco also contends that  Feijoo never requested and was never denied accommodations related to his hearing condition.

## THE PARTIES' PROPOSED JURY INSTRUCTION NO. 2

JURY CHARGE

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case.  The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression.  You are the sole judges of the facts of this case.  Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence; they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## THE PARTIES' PROPOSED JURY INSTRUCTION NO. 3

BURDEN OF PROOF

Feijoo has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that Feijoo has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

## THE PARTIES' PROPOSED JURY INSTRUCTION NO. 4

EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## THE PARTIES' PROPOSED JURY INSTRUCTION NO. 5

WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances.  Has the witness been contradicted by other credible evidence?  Has he or she made statements at other times and places contrary to those made here on the witness stand?  You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## THE PARTIES' PROPOSED JURY INSTRUCTION NO. 6

NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## THE PARTIES' PROPOSED JURY INSTRUCTION NO. 7

DUTY TO DELIBERATE; NOTES

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts.  You have been allowed to take notes during this trial.  Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous.  After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

## THE PARTIES' PROPOSED JURY INSTRUCTION NO. 8

IMPEACHMENT OF WITNESS BECAUSE OF INCONSISTENT STATEMENTS

You should ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## THE PARTIES' PROPOSED JURY INSTRUCTION NO. 9

DAMAGES

If you found that Costco terminated Feijoo because of his disability, his age, or because he engaged in protected activity, then you must determine whether this has caused Feijoo damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion about whether Feijoo has proved that Costco discriminated against him or retaliated against him.

Feijoo must prove he is entitled to damages. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Feijoo need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Feijoo would have earned in his employment with Costco if his employment had not been unlawfully terminated from April 14, 2020 to the date of your verdict, minus the amount of earnings and benefits that Feijoo received from other sources during that time; and (2) the amount of mental anguish, if any, sustained by Feijoo.

Back pay includes the amounts the evidence shows Feijoo would have earned had he remained an employee of Costco. These amounts include wages or salary and such benefits that were available to Feijoo. You must subtract the amounts of earnings and benefits Costco proves Feijoo received during the period in question.

Costco claims that Feijoo failed to mitigate his damages. Feijoo has a duty under the law to mitigate his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages.

To succeed on this defense, Costco must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Feijoo failed to use reasonable diligence in seeking those positions; and (c) the amount by which Feijoo's damages were increased by his failure to take such reasonable actions.

"Substantially equivalent employment" in this context means a job that has virtually identical compensation, job responsibilities, working conditions, and status as the job he lost.   Feijoo does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Feijoo's diligence should be evaluated in light of his individual characteristics and the job market.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Feijoo for the harm he has sustained.  Do not include as actual damages interest on wages or benefits.

## THE PARTIES' PROPOSED JURY INSTRUCTION NO. 10

DISABILITY AND AGE DISCRIMINATION

Plaintiff, Jorge Feijoo, claims that Defendant Costco, discriminated against him because he had a disability and because of his age by terminating his employment. Defendant Costco denies Plaintiff Jorge Feijoo's claims and contends that he was terminated because of his alleged violent and threatening conduct on the evening of April 4, 2020.

It is unlawful for an employer to discriminate against an employee because of the employee's disability or age. Unlawful discrimination can include terminating a qualified individual with a disability or terminating an individual who is over forty (40) years old.

To succeed in this case, Plaintiff, Jorge Feijoo, must prove each of the following by a preponderance of the evidence:

1. Defendant Costco terminated Plaintiff Jorge Feijoo;

2. Defendant Costco terminated Plaintiff because of his hearing impairment and/or his age.  Plaintiff, Jorge Feijoo does not have to prove his hearing impairment or his age was the only reason Defendant terminated his employment.[2]

If you find that Defendant Costco's stated reason for its decision to terminate Jorge Feijoo's employment is not the real reason but is given as a pretext for age or disability discrimination, you may, but are not required to, find that Defendant Costco terminated Jorge Feijoo because of his age or disability.

---

[2] *Burns v. Nielsen,* 506 F. Supp. 3d 448 (W.D. Tex. 2020) ("More recently, even post-Gross, the Fifth Circuit continues to refer to its ADA standard as a "motivating factor" test … and has interpreted it as authorizing the mixed-motives theory to establish an employer's liability for disability discrimination.") (internal citations omitted).

**THE PARTIES' PROPOSED JURY INSTRUCTION NO. 11**

RETALIATION

Plaintiff Jorge Feijoo claims that Defendant Costco retaliated against him because he took steps to enforce his lawful rights under federal and state law prohibiting discrimination based on age and disability in the workplace.

The laws that prohibit discrimination in the workplace also prohibit an employer from retaliating against an employee because that employee has asserted rights or made complaints under those laws.

Plaintiff Jorge Feijoo claims that Defendant Costco suspended and terminated his employment because Plaintiff Jorge Feijoo made requests for accommodations to Costco managers for his hearing disability. Plaintiff Jorge Feijoo also claims that Costco suspended and terminated his employment because Plaintiff Jorge Feijoo complained to Costco managers of age or disability discrimination.

Defendant Costco denies Plaintiff Jorge Feijoo's claim and asserts that it terminated Feijoo's employment because of alleged attempted violent and threatening conduct on the evening of April 4, 2020.  In addition, Costco contends that Feijoo never requested to have Fridays off to see his doctor regarding his hearing condition.  And Costco contends that Feijoo never complained about discrimination to managers.

To succeed on his claim, Plaintiff Jorge Feijoo must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Jorge Feijoo made requests to Costco managers for a reasonable accommodations for his hearing disability or that he complained of age or disability discrimination to Costco managers;

2. Defendant Costco suspended and then terminated Plaintiff Jorge Feijoo's employment;

3. Defendant Costco terminated Plaintiff Jorge Feijoo because of Feijoo's requests for accommodation or his complaints of discrimination.

You need not find that the only reason for Defendant Costco's decision to

terminate Plaintiff Jorge Feijoo was his protected activity. But you must find that Defendant Costco's decision to terminate Plaintiff Jorge Feijoo would not have occurred in the absence of his protected activity.

If you do not believe the reason Costco has given for its decision to terminate Jorge Feijoo's employment, you may, but are not required to, infer that Costco terminated Jorge Feijoo because he engaged in protected activity.

## THE PARTIES' PROPOSED JURY INSTRUCTION NO. 12

FAILURE TO REASONABLY ACCOMMODATE - ADA

Plaintiff Jorge Feijoo claims that Defendant Costco failed to reasonably accommodate Plaintiff Jorge Feijoo's disability.

Defendant Costco denies Plaintiff Jorge Feijoo's claims and contends Feijoo never requested to have Fridays off so that he could attend doctors' appointments for his hearing condition.

The law requires an employer to make reasonable accommodations for an employee's disability.

To succeed in this case, Plaintiff, Jorge Feijoo, must prove each of the following by a preponderance of the evidence:

1.  Plaintiff Jorge Feijoo had a hearing impairment.

2.  Defendant Costco knew of Plaintiff Jorge Feijoo's hearing impairment;

3.  Plaintiff Jorge Feijoo requested accommodations related to his hearing impairment;

4.  Providing an accommodation would have been reasonable and would have allowed Plaintiff Feijoo to perform the essential functions of his job; and

5.  Defendant Costco failed to provide a reasonable accommodation.

The term "accommodation" means making modifications to the workplace that allow a person with a disability to perform the essential functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a

vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies, the provision of qualified readers or interpreters and other similar accommodations for individuals with disabilities. There may be more than one reasonable accommodation.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

INTERACTIVE PROCESS – ADA & TEXAS LABOR CODE[3]

Courts interpreting the interactive process requirement have held that when an employer's unwillingness to engage in a good faith interactive process leads to a failure to reasonably accommodate an employee, the employer violates the ADA unless that process's breakdown is traceable to the employee and not the employer.

---

[3] *Loulseged v Azko Nobel Inc.*, 178 F. 3d 731, 736 (5th Cir. 1999).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14

## PROTECTED ACTIVITY

Protected activity includes:

- requesting a reasonable accommodation because of a disability;[4] and

- a good faith complaint to a human resource representative or management officer regarding retaliation or discrimination.[5]

---

[4] *Tabatchnik v. Continental Airlines*, 262 Fed. Appx. 674, 676 (5th Cir. 2008); *Stoddard v. Geren*, 2010 U.S. Dist. LEXIS 18755, 2010 WL 774156, at *21 (S.D. Tex. Mar. 3, 2010) ("Requesting an accommodation, even if it is later determined that the employee making the request is not disabled, is a protected activity so long as the employee had a good faith belief that he was covered by the ADA.").

[5] *Rodriquez v. Wal-Mart Stores, Inc.*, 540 Fed. Appx. 322, 328 (5th Cir. 2013) (*per curiam) (*"An employee who files an internal complaint of discrimination engages in a protected activity." *(Citing *Fierros v. Texas Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001).

### DEFENDANT'S PROPOSED JURY QUESTION[6]

Has Jorge Feijoo proved that Costco's reason for terminating his employment—because of his behavior on the night of April 4, 2020—was false?

Answer "Yes" or "No."

_____

If you answered "Yes." Then answer Question No. 2.

---

[6] *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378-379 (5th Cir. 2010) (applying McDonnell Douglas framework to ADEA claims); *Rodriguez v. Eli Lilly and Co.*, 820 F.3d 759, 764-65 (5th Cir. 2016) (applying McDonnell Douglas framework to ADA claims).

## <u>THE PARTIES' PROPOSED JURY QUESTION NO.</u>

**Has Feijoo proved that he made one or more complaints to his Managers or a Human Resource representative at Costco that Costco was discriminating against him because of his hearing impairment (tinnitus) or because of his age?**

Answer "Yes" or "No."

_____

## <u>THE PARTIES' PROPOSED JURY QUESTION NO.</u>

**Has Feijoo proved that he made one or more requests for a reasonable accommodation because of a disability?**

Answer "Yes" or "No."

_____

<u>**THE PARTIES' PROPOSED JURY QUESTION NO.**</u>

**Has Feijoo proved that Costco failed to reasonably accommodate Feijoo's disability?**

Answer "Yes" or "No."

_____

## <u>THE PARTIES' PROPOSED JURY QUESTION NO.</u>

**Has Feijoo proved that Costco terminated Feijoo's employment because Feijoo made requests for reasonable accommodations for his hearing disability?**

Answer "Yes" or "No."

_____

## THE PARTIES' PROPOSED JURY QUESTION NO.

**Has Feijoo proved that Costco terminated his employment because he made one or more complaints to his Managers or a Human Resource representative at Costco that Costco was discriminating against him because of his hearing impairment (tinnitus) or because of his age?**

Answer "Yes" or "No."

_____

## THE PARTIES' PROPOSED JURY QUESTION NO.

**Was Feijoo's age a motivating factor in Costco's decision to discharge Feijoo?**

A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

If you do not believe the reason Costco has given for discharging Feijoo, then you may, but are not required to, infer that Costco was motivated by Feijoo's age.

**Answer "Yes" or "No."**

_____

## DEFENDANT'S PROPOSED JURY QUESTION[7]

**If you answered "Yes" to Question 13, then answer the following question. Otherwise, do not answer the following question.**

**Would Costco have terminated Feijoo's employment when it did, in the absence of the impermissible motivating factor?**

Answer "Yes" or "No."

Answer: _____.

---

[7] Texas Civil Pattern Jury Charges, PJC 107.18.

## <u>THE PARTIES' PROPOSED JURY QUESTION NO.</u>

**Was Feijoo's hearing disability a motivating factor in Costco's decision to discharge him?**

A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

If you do not believe the reason Costco has given for discharging Feijoo, then you may, but are not required to, infer that Costco was motivated by Feijoo's disability.

**Answer "Yes" or "No."**

_____

**DEFENDANT'S PROPOSED JURY QUESTION[8]**

**If you answered "Yes" to Question 14, then answer the following question. Otherwise, do not answer the following question.**

**Would Costco have terminated Feijoo's employment when it did, in the absence of the impermissible motivating factor?**

**Answer "Yes" or "No."**

**Answer: _____.**

---

[8] [8] Texas Civil Pattern Jury Charges, PJC 107.18.

## <u>THE PARTIES' PROPOSED JURY QUESTION NO.</u>

**Did Costco discharge Feijoo because of Feijoo's requests for reasonable accommodations?**

**Answer "Yes" or "No."**

**Answer: _____**

## PLAINTIFF'S PROPOSED JURY QUESTION 16

**Did Costco discharge Feijoo because of  Feijoo's complaining to the Costco's Managers or a Human Resource Representative about age discrimination ?**

**Answer "Yes" or "No."**

**Answer: _____**

## **THE PARTIES' PROPOSED JURY QUESTION NO.**

What sum of money, if paid now in cash, would fairly and reasonably compensate Feijoo for the damages, if any, you have found Costco caused Feijoo?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$\underline{\hspace{2cm}}$

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$\underline{\hspace{2cm}}$

3. Lost Wages and benefits that Feijoo would have earned if he had not been terminated by Costco on April 14, 2020.

$\underline{\hspace{2cm}}$

## <u>THE PARTIES' PROPOSED JURY QUESTION NO.</u>

Do you find that Feijoo failed to reduce his damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of his suspension and termination?

Answer "Yes" or "No."

_____

If you answered "Yes" to this Question, then proceed to the next question.

## <u>THE PARTIES' PROPOSED JURY QUESTION NO.</u>

How much would Feijoo have earned had he exercised reasonable diligence under the circumstances to minimize his damages?

Answer in dollars and cents, if any.

$_____

34